**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2399**

AHMED TAGELSIR ABDELRAHMAN,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  August 20, 2010    Decided:  September 16, 2010

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

James A. Roberts, LAW OFFICES OF JAMES A. ROBERTS, Fairfax,
Virginia, for Petitioner.  Tony West, Assistant Attorney
General, John S. Hogan, Senior Litigation Counsel, Robbin K.
Blaya, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ahmed Tagelsir Abdelrahman, a native and citizen of Sudan, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and finding he was not entitled to asylum, withholding from removal and withholding from removal under the Convention Against Torture. Abdelrahman does not challenge the immigration judge's adverse credibility finding with respect to his past political activities or his claims regarding past persecution. He asserts that he established a well-founded fear of persecution. We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds[.]" Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks omitted).

2

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in his native country on account of a protected ground.  8 C.F.R. § 1208.13(b)(1) (2010).  "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution."  Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).  Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground.  Id. at 187.  The well-founded fear standard contains both a subjective and an objective component.  The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution.  Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution.  The subjective fear [must have] some basis in the reality of the circumstances and [be] validated with specific, concrete facts, and it cannot be mere irrational apprehension."  Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial

3

evidence on the record considered as a whole. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations[.]" <u>Li Fang Lin v. Mukasey</u>, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." <u>Elias-Zacarias</u>, 502 U.S. at 483-84; <u>see</u> <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We conclude there was no abuse of discretion and the record does not compel a different result. Substantial evidence supports the finding that Abdelrahman did not have a well-founded fear of persecution. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>